**Michael Prizm CHEEK, Plaintiff–Appellant,**

v.

**Ron LAPP; Robert Knapp, Defendants–Appellees.**

No. 04–56884.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 4, 2006.*

Filed Dec. 8, 2006.

---

* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

**602**

Michael Prizm Cheek, Atascadero, CA, pro se.

Randall R. Murphy, AGCA—Office of the California Attorney General (LA), Los Angeles, CA, for Defendants–Appellees.

Before GOODWIN, LEAVY, and FISHER, Circuit Judges.

### MEMORANDUM **

Michael Prizm Cheek appeals pro se the district court's grant of summary judgment and dismissal with prejudice of his complaint against officials at the Atascadero State Hospital, where he is confined pursuant to California's Sexually Violent Predator Statute, Welfare and Institution Code §§ 6600–6609. We review the grant of summary judgment de novo. See *Buono v. Norton*, 371 F.3d 543, 545 (9th Cir. 2004). We affirm.

■ Cheek's Eighth Amendment claim alleging inadequate medical care fails as a matter of law. See *Hydrick v. Hunter*, 466 F.3d 676, 695–96 (9th Cir.2006). To the extent it is a due process claim, Cheek raises no genuine issue of material fact as to whether the medical decisions made and treatment of his nasal problem were a departure from acceptable medical judgment. *Youngberg v. Romeo*, 457 U.S. 307, 321, 102 S.Ct. 2452, 2461, 73 L.Ed.2d 28 (1982). Therefore, summary judgment in the hospital officials' favor was appropriate. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986).

■ Cheek's claim that hospital officials' failure to treat his nasal problems in the same way as another inmate violated the Equal Protection Clause of the Fourteenth Amendment also fails as a matter of law. Cheek does not allege any facts showing that the hospital officials acted with an intent or purpose to discriminate against him. See *Freeman v. Arpaio*, 125 F.3d 732, 737 (9th Cir.1997). Cheek's claim is not subject to heightened scrutiny because it does not rely on a classification related to a fundamental liberty interest. *Hydrick*, 466 F.3d at 700. The fact that an inmate with a different medical history received a particular type of surgical operation that Cheek was not offered does not support a finding that hospital officials used impermissible criteria in making such a determination. Because Cheek's claims all fail as a matter of law, we do not reach the issue of the hospital officials' entitlement to qualified immunity or immunity under the Eleventh Amendment.

**AFFIRMED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.